RECEIVED
By CarinaLoushe at 3:16 pm, Apr 05, 2021

# UNITED STATES DISTRICT COURT
## COURT OF EQUITY

Markale-Alsamodi Sowell, Petitioner

v.

Altoona Police Department, Ect.   Civil Case No: 3:21-cv-60
Patrolmen GARRETT N. TRENT,    (Supplied by Clerk of Court)
GARRETT N. TRENT, LT. Micheal Sapienza,
MICHEAL SAPIENZA, Police officer ALTON PITTMAN,
ALTON PITTMAN, Badge Number #300, Badge Number #264,
Badge Number #299, Badge Number #284, Badge Number #266,
Badge Number #256, Badge Number #259, Badge Number #169,
Badge Number #268, LT. COX, Sgt. Merrill, Chief. Freehling,
JANICE FREEHLING, District Attorney PETER J. WEEKS,
PETER J. WEEKS, K-9 officer CIRO, CPL. SWOPE,
LOGAN TOWNSHIP POLICE DEPARTMENT,
POLICE OFFICER. GEORGE SWANDER, III
GEORGE SWANDER, III, BLAIR COUNTY PRISON,
Commonwealth of Pennsylvania ~~Defendant~~ Defendants

Plaintiff, Markale-Alsamodi Sowell #1702931
Blair County Prison, 419 Market Square Alley,
Hollidaysburg, PA 16648.

Defendants, Patrolmen GARRETT N. TRENT, LT. MICHEAL SAPIENZA,
Police Officer ALTON PITTMAN, Badges Numbers #300, #264, #299,
#284, #266, #256, #259, #169, #268, LT. COX, Sgt. Merrill, Chief Freehling
Agency Altoona Police Department, Altoona, Pennsylvania.
Defendant, PETER J. WEEKS, 423 Allegheny Street, Suite #421
Hollidaysburg, PA 16648

Defendant's, K-9 CIRO, George Swander, III
Agency LOGAN TOWNSHIP POLICE DEPARTMENT, ~~Berg~~ Logan Township, Pennsylvania
Defendants, BLAIR COUNTY PRISON, Ect.
419 Market Square Alley, Hollidaysburg, PA 16648
Amount Date Paid:
Filing cost:
Postage:
Service cost:
Constable ED $
Total $
Docket Number:
Case file:
PA.R.C.P. M.D.J. No. 206, Sets forth those cost recoverable by Party, to the Defendants: The above named Plaintiff ask Judgement against you in the amount of $35 Million dollars, together with cost upon the following claim (Civil fines must include citation of the statute or ordinance violated):
I, Markale-Alsamod: Sowell, verify that the facts set forth in this complaint are true and correct to the best of my knowledge, information and belief. This statement is made subject to the penalties of section 4904 of the Crimes Code (18 PA.C.S, §4904) related to unsworn falsifications to authorities.
If you are disabled and require a reasonable accommodation to gain access to the Magistrate District Court and its services, please contact the Magistrate District Court above address or telephone number.

2

If you intend to enter a defense to this complaint, you should notify this office immediately at the above telephone number, you must appear at the hearing and present your defense, unless you do, judgement may be entered against you by default.

If you have a claim against the plaintiff which is within the Magistrate District Judge jurisdiction and which you intend to assert at the hearing, you must file it on a complaint form at this office at least five days before the date set for the hearing.

©Markale-Alsamod: Sowell™
"Without Prejudice" UCC 1-308
Signature of Plaintiff
Authorized Administrator of
The Markale-Alsamod: Sowell Estate
©Markale-Alsamod: Sowell™
Authorized Agent.

Commonwealth of Pennsylvania Civil Complaint.

On the date of September 29, 2019, I, Markale-Alsamodi Sowell, and three (3) friends were sitting on the porch steps to my private dwelling around 10:20 am, we were not involved in any illegal activity and were well within our constitutional rights.

Patrolmen GARRETT N. TRENT, a Police officer of The ALTOONA POLICE DEPARTMENT, walked up to the four (4) of us, and without lawful probable cause and A Search warrant issued to him, unlawfully detained us.

Patrolmen GARRETT N. TRENT, under threat of arrest, forced us to give him our personal information, in which he used to perform a criminal records background Search on the four (4) of us without having personal knowledge of criminal activity afoot, lawful probable cause and the issuance of a Search warrant.

Patrolmen GARRETT N. TRENT, violated Markale-Alsamodi Sowell Commonwealth of Pennsylvania Constitutional rights under Article 1 § 8 Search and Seizure, United States Constitutional rights of the 4TH Amendment, 8TH Amendment and 14TH Amendment. These Constitutional rights protect the United States of America and Commonwealth State of Pennsylvania Citizens from the above actions of Patrolmen GARRETT N. TRENT.

On September 30, 2019, Patrolmen GARRETT N. TRENT, used the unlawfully obtained personal information he forced the Plaintiff to give him on September 29, 2019, to compile a night time sealed search warrant for the Plaintiff

4

private dwellings at 1100 14th Avenue, Altoona, Pennsylvania 16601, and three (3) vehicles not registered to the plaintiff, Signed by Common Pleas Judge T. Sullivan of Blair County Courthouse on September 29, 2019.

On September 30, 2019, between 4:30 am and 5:57 am, The ALTOONA POLICE DEPARTMENTS EMERGENCY TACTICAL RESPONSE TEAM, kicked open the doors to Markale-Alsamodi Sowell's private dwellings, flash bombs were used in the private dwelling where Quenell Richardson two (2) children were asleep. Quenell Richardson and Markale-Alsamodi Sowell were in bed asleep in the nude, they were awoke to numerous masked Police with machine guns pointred at them and yelling orders "Show me your hands", they were handcuffed, officer allowed them to put clothes on. Numberous ALTOONA POLICE began Searching the private dwellings of Markale-Alsamodi Sowell, their names are listed by report, including a K-9 Police officer CIRO and the K-9 handler Police officer George Swander, III of Logan Township Police Department, who were out of their jurisdiction.

The actions of the above Defendants were unlawful, as Patrolmen GARRETT N. TRENT, (1) did not have lawful probable cause to be issued a night time Sealed Search Warrant, (2) Patrolmen GARRETT N. TRENT is not the authority to request, prepare and present to a Common Pleas Judge for a night time Sealed Search Warrant, (See PA.R.Crim.P, Rule*211) the authority is the Attorney for the Commonwealth of Pennsylvania, (3) The Night time Sealed Search Warrant is an

5

Incomplete Instrument that also bears on the problem of incomplete instruments. Under that section a person cannot be a holder in due course of the instrument if it is so incomplete as to call into question it's validity. The Plaintiff states that the above mentioned actions by the defendants unlawful goverment intrusion into his private dwellings and the unlawful seizure of his person and property, violated his United States Constitutional rights of the 4th Amendment, 5th Amendment, 8th Amendment, 13th Amendmend, 14th Amendment, Article 1 § 8 of the Commonwealth of Pennsylvania Constitution, U.C.C. 3-302, U.C.C. 2A-505.4. District Attorney for the Commonwealth of Pennsylvania, has personal knowledge that he himself did not prepare, request and present the night time search warrant to the Common Pleas Judge, and that there was no probable cause for issuance of a night time search warrant in the criminal case matter. District Attorney Peter J. Weeks is the Attorney for the Commonwealth of Pennsylvania and he reviewed the discovery documents therefore noticing that Patrolmen GARRETT N. TRENT wrote that he approved of the night time search warrant via E-mail and he remained tacit. The Plaintiff through Certified return reciept mailed to district Attorney Peter J. Weeks A $3 million dollar contract, in which the Plaintiff made notice the violations of his rights in the Criminal matter case, and also clearly made clear to district attorney Peter J. Weeks that by continuing of prosecution of the Plaintiff, he would be waiving

his immunity and be held reliable for any damages the plaintiff suffered, District Attorney Peter J. Weeks excepted the contract and continued to prosecute the plaintiff. The above defendant Knowingly violated the plaintiff united States constitutional rights, Commonwealth of Pennsylvania Constitutional rights, Pennsylvania Rules of Professional Conduct Rule 3.8 and Rule 8.4.

BLAIR COUNTY PRISON, without being issued an Arrest warrant in the defendants name, excepted the plaintiff into its custody and has unlawfully housed the plaintiff since September 30, 2019, until present date. The above defendent violated the plaintiff united States constitutional rights of the 4TH Amendment, 5TH Amendment, 8TH Amendment, 13TH Amendment and the 14TH Amendment.

<u>Affidavit of Probable Cause:</u>

On the date of September 29, 2019, the plaintiff and three (3) others were sitting on his porch steps. Patrolmen GARRETT TRENT walked up to them and detained them unlawfully, he threaten them with arrest and made them give him their personal information. Patrolmen GARRETT TRENT Claimed that he recieved an 911 emergency call that a group of African Americans were harrassing people walking by and tenants of 1100 14TH Ave, Altoona, PA on 9-27-2019, he came by on 9-28-2019 but did not see anyone to fit the description, upon riding by and seeing us sitting on the steps he decided to act on the call from days ago.

Patrolmen GARRETT Trent, used our Personal information to perform Criminal record background searches on the four (4) of us.

7

The plaintiff had a warrant out of Williamsport, Lycoming County, PA, he was handcuffed and placed into a police vehicle, while patrolmen TRENT contacted Williamsport, he was informed to release the plaintiff and he did so. Another person named Derrick Young, was arrested for providing false identification to law enforcement officers, as it was learned that he had an arrest warrant out of Newark, New Jersey for attempted murder. Derrick Young was the only person arrested from the plaintiff porch steps by the ALTOONA POLICE DEPARTMENT, on September 29, 2019.

On September 30, 2019, between 4:30 am and 5:57 am, The plaintiff private dwelling doors were forced open by the Emergency Tactical Response Team of the ALTOONA POLICE DEPARTMENT.

The Plaintiff and his than girlfriend Quenell Richardson were awaken out of their sleep by numberous masked ALTOONA POLICE Dressed in tactical gear, with machine guns pointed at them as they yelled Loudly "Let me see your hands," they were pulled out of bed in the nude and handcuffed. The plaintiff was helped into a pair of red sweatpants by an officer, while Quenell was allowed to put on clothes. The plaintiff asked a tactical officer, why were they doing this to them? and could he see the search warrant? the plaintiff was told that the lead officer in charge was on his way inside. Patrolmen GARRETT TRENT walked in the apartment, the plaintiff knew who he was from the day before, and asked Patrolmen TRENT to show him the search warrant for why they were there, Patrolmen TRENT stated "it depends on what we find" A search warrant was never shown to the plaintiff.

A tactical officer kicked in the bathroom door and flash bombs were used in the apartment next door where Quenell Richardson

8

two (2) children were sleeping, A boy 14 years old and girl 12 years old. The plaintiff rented two (2) seperate apartments at a rooming house, both apartments were being tore apart by numberous police searching, at some point a Logan Township K-9 unit came into the plaintiff private dwellings and searched. The plaintiff and Quenell Richardson had two (2) puppies they were raising as children due to Quenell not being able to have more children, and they also had a cat pet. During the search and seizure of Quenell, Plaintiff and personal property, the puppies were taken by the humane society, the cat was never seen again. Quenell and the Plaintiff were arrested for contraband found where the children were sleeping. Plaintiff and Quenell were given a Preliminary arraignment in front of Magistrate District Judge Ben Jones, at this hearing neither was represented by an attorney, Quenell Richardson bail was set at $25,000 cash, No attorney for the commonwealth was present but the judge asked Patrolmen GARRETT TRENT, "and what does the commonwealth want his bail to be?" Patrolmen TRENT stated " he is a high ranking member of the nine Trey gangster Bloods gang, being investigated for numberous open murders in New Jersey, A very high bail," and bail was set at $100,000 cash, and both were taken to Blair County Prison.

Quenell Richardson posted bail October 1st or 2nd, 2019, upon getting out she was able to get she and the plaintiff puppies back from the humane society. Patrolman GARRETT TRENT had an officer of Animal control take the puppies away again, stating Quenell Richardson was unfit to have them, without any evidence to show for it. Quenell Richardson also went to the Blair county common pleas courthouse, clerk of court office,

She requested of the clerk to give to her a copy of the search warrant with her name and the plaintiff, the clerk explained that there was not a record of any search warrant and arrest warrant in either name requested in the clerk of court office. November 20, 2019, Quenell Richardson and the plaintiff were given unlawful preliminary hearings before Magistrate District Judge Daniel De'Antonio (see 42 PA.C.S. §1515). At this preliminary hearing the only person to testify was Patrolmen GARRETT TRENT, no evidence was presented other than hearsay testimony not supported by personal knowledge and Patrolmen GARRETT TRENT testimony was not enough to even raise a probable cause to be issued a night time Sealed Search Warrant. At this preliminary hearing, Quenell Richardson and the plaintiff were not given copies of the search warrant (see PA.R.Crim.P. Rule 211). ~~November 2019~~ December 30, 2019, Plaintiff hired defense attorney Randall H. McKinney and on that date an Praecipe for appearance was entered to the clerk of courts office. Attorney Randall McKinney also requested the night time Sealed Search warrant and arrest warrant, he was also informed that there was no search warrant and arrest warrant in his client name, just as the plaintiff had told him the clerk of courts had informed Quenell Richardson in October 2019.

Attorney Randall McKinney did not recieve what was said to be the Sealed night time Search warrant until Febuary 2020, when district attorney Peter J. Weeks mailed him some of the plaintiff discovery in paper document form, Nothing used in Patrolmen GARRETT TRENT affidavit of Probable Cause report was included Such as alleged Statements by Thomas Bowling, Alleged cell phone video recording of the plaintiff performing a hand to hand drug

transaction, no recording of a 911 emergency call, or complaint of a group of African Americans harrassing people walking by and tenants of 1100 14TH ave, Altoona, PA 16601 Criminal incident report made by anyone on the date of 9-27-2019.
The night time sealed search warrant written by Patrolmen GARRETT TRENT is an incomplete instrument that does not contain the important information to make it an active legal document. It does not have a docket number issuing authority signature, does not have a warrant control number, does not have An Commonwealth of Pennsylvania approval signature and BAR code, does not state a date and time to be executed, does not have a Common Pleas Judge verification of signature seal stamp, and falsely states on the face that the plaintiff committed a drug statute violation on 9-29-2019.
There are police incident reports stating Qurenell Richardson and the plaintiff were arrested 9-29-2019, at 10:20 am for possession of drugs, those are false reports.
There are also reports that claim the drugs were sent to a lab for testing 9-29-2019, in Greenburg, thats false, we were not taken into custody and charged by ALTOONA POLICE of anything until 9-30-2019, thats a fact.
September 10, 2020, Plaintiff was given a Suppression hearing before Common Pleas Judge Daniel J. Milliron, District Attorney Peter J. Weeks represented the Commonwealth of Pennsylvania, Attorney Randall McKinney represented the plaintiff, Patrolmen GARRETT TRENT was again the only person that gave testimony, and it was based on hearsay, he testified that he had went to see Thomas Bowling to try and get the cell phone video

recording of the plaintiff making an alleged hand to hand drug transaction in June 2020, video patrolmen TRENT claimed to possess, and used as probable cause for a night time sealed search warrant. Patrolmen GARRETT TRENT now would claim that upon Thomas Bowling learning the plaintiff was an alleged Bloods gang member, he destroyed the video.

Incident #2019-00017454, incident report supplements, page 11 of 12 has a report written by ALTOONA POLICE officer David Dey badge #168, dated October 03, 2019, at 9:00, in which he reports Patrolmen TRENT came to him with Thomas Bowling cell phone, he used a special machine to take 16,342 photos and 1,642 videos from Thomas Bowling cell phone, and this evidence was placed on a flash drive, it was given to Patrolmen TRENT to view with instructions to place in the criminal case file once finished, this evidence was turned over to Blair County district attorney office.

Although, the plaintiff attorney filed two (2) motions to compel discovery and the courts granted them, the discovery of the flash drive have not been turned over to the plaintiff and he believes that just as Thomas Bowling informed his preliminary hearing attorney Anna Mancusa of Pittsburgh that he never made any statements about the plaintiff to Patrolmen TRENT, nor did he ever have the plaintiff recorded on his cell phone doing anything illegal as patrolmen TRENT had falsely claimed. Thomas Bowling can also be heard in a jailhouse phone call recording on June 6, 2020 between 2:20pm and 2:40pm stating the same to the plaintiff, and asking the plaintiff why wasn't he home yet?

The plaintiff, through writing has wrote the president Judge Elizabeth Doyle, Judge Jackie Bernard, Judge Timothy Sullivan, Judge Daniel J. Milliron, of the violations that took place in the criminal case that warrant the remedy of dismissal, the plaintiff grievances for justice were ignored and fell on def ears.

The plaintiff, through notice of violations and a contract mailed certified return reciept to district attorney Peter J. Weeks was excepted through tacit actions and continued prosecution of the plaintiff.

the plaintiff, filed a grievance with Blair county Prison notifying them of the violations and that Blair county Prison had no jurisdiction to hold him captive as there is no arrest warrant filed for the plaintiff, maken the detainment unlawful, the grievance was denied.

The plaintiff, has wrote Governor Tom Wolf, Attorney General Josh Shapiro and others notifying them of his rights being violated and to asure they have copies of filings of documents by the plaintiff to the common Pleas courts as a record.

The plaintiff, has suffered emotionally, mentally and physically while being unlawfully detained in the Blair county Prison due to the unlawful actions by the ALTOONA POLICE DEPARTMENT and LOGAN TOWNSHIP POLICE DEPARTMENT, as he was infected with the deadly coronavirus, putting his life in jeopardy.

The plaintiff, has suffered through the missing out on time with his children and family and love ones, special holidays that cant be given back and caused deep pain.

13

## Request for Relief

The plaintiff, is not a member of arms, and has not knowingly voluntarily or intentionally entered into any international maritime contract or commercial contract agreement and ask if any contract agreement is said to exist between the Blair County Common Pleas Court and the plaintiff, that it be entered in evidence with the court of equity so that the plaintiff can contest it.

The plaintiff, is not a strawman, corporation or dead person, he is a living man, my body is my vessel and my cargo is my life, my vessel flys the Title 4, Chapter 1, Section 1, Peacetime Civilian Flag of the united States of America and protected by the Sovereign Immunity Act of 1976. The plaintiff, is a declared Sovereign American National of the Continental united States of America and is protected by the united States Constitution, and as so, the plaintiff has not committed a criminal crime that produces a corpus delicti given Blair County Common Pleas court jurisdiction over the plaintiff and his property.

Therefore, the plaintiff request of this court to enter an order to dismiss all charges named against the trust Markale Sowell on the docket number #CP-07-CR-2418-2019, release Markale Sowell from the custody of Blair County Prison, and return all the property listed in the unlawful search and seizure of Markale Sowell private dwellings at 1100 14th ave, Altoona, PA 16601 on September 30, 2019 by ALTOONA POLICE DEPARTMENT to

14

the owner of the property, Markate Sowell.
The plaintiff, respectfully request of this court to order the defendants to compensate the plaintiff for damages suffered to the plaintiff through their unlawful actions, as the following: Patrolmen GARRETT N. TRENT $6 million dollars, LT. MICHEAL SAPIENZA $750,000 dollars, Police officer ALTON PITTMAN $750,000 dollars, LT. COX $750,000 dollars, Sgt. MERRILL $750,000 dollars, Chief. FREEHLING $2 million dollars, Police officer GEORGE SWANDER, III, $1 million dollars, K-9 Police officer CIRO $1 million dollars, Police officers known as Badges numbers #300, #264, #299, #284, #266, #256, #259, #169, and #268, $750,000 dollars each, GARRETT N. TRENT $750,000 dollars, Micheal Sapienza $250,000 dollars, Chief. FREEHLING $750,000 dollars, District Attorney PETER J. WEEKS $3 million dollars, PETER J. WEEKS $1 million dollars, Commonwealth of Pennsylvania, Altoona Police Department, Logan Township Police Department, $2 million dollars for each, Blair County Prison $5 million dollars.
The plaintiff, respectfully request that the court order defendants to pay all court cost, filing fee's, transportation fee's, Postage fee's, Attorney fee's, Services fee's.
The plaintiff, respectfully request that should this case be decided by a jury, that punitive damages for physically, mentally and emotionally damages be awarded to the plaintiff in an amount decided by the jury.
The plaintiff, request that Altoona Police Department educate its police officers in the lawful procedures for the filing of diffrent forms of Search warrants and the authority.

15

<u>Attorney Entry of Appearance</u>

I, Markale-Alsamodi Sowell, the authorize administrator for the Markale-Alsamod: Sowell Estate, give notice to this Magistrate District Court, and respectfully ask the clerk of this court to enter Markale-Alsamod: Sowell as the attorney on appearance for the named plaintiff.

March 25, 2021

©Markale-Alsamodi Sowell™
"<u>Without Prejudice</u>" UCC 1-308
Authorized Administrator
419 Market Square Alley
Hollidaysburg, PA 16648
Blair County Prison.