**FILED**

DEC 14 2022

CLERK U.S. DISTRICT COURT
WEST DIST OF PENNSYLVANIA

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN
DISTRICT OF PENNSYLVANIA

Civil Division

Markale-Alsamad: Sowell, Plaintiff ;

vs.                                                    ; Case No: 3:21-cv-60-KRG-KAP

ALTOONA POLICE DEPARTMENT Et.AL ;

Defendants.                  ; Jury Demand

Motion for Default Judgement

Now comes Plaintiff, Markale-Alsamad: Sowell, by and through self representation in the above case matter, seeking a ruling in a motion for Default Judgement. Markale-Alsamad: Sowell will respectfully rely on the following facts:

(I)

1. On the date of September 29, 2019, Altoona Police officer Garrett N. Trent, detained (4) people, in which one of the was Markale-Alsamad: Sowell. Officer Garrett Trent, would claim that he had received a emergency 911 call from dispatch stating a group of African Americans were harrassing people walking by, and tenants of the property on September 28, 2019, that he was conducting a follow up on that complaint.

1.

2. Officer Garrett Trent, than threating the (3) people sitting on the porch along with Markate-Alsamadi Sowell, to give him their private information, and if anyone provided false information they would be arrested.

3. Officer Garrett Trent, used the private information to perform criminal records background searches on all 3 people sitting on the porch, as well as Markate-Alsamadi Sowell.

4. Derrick Young, was arrested for having an out of state warrant from New Jersey. Markate-Alsamadi Sowell, had a warrant for a fine out of Williamsport, Pennsylvania, Williamsport Police Department was contacted by Officer Garrett Trent, and he was told to release Markate-Alsamadi Sowell, which he did.

5. Officer Garrett Trent, on the date of September 29, 2019, on a Sunday, would apply, write and present to a Common Pleas Court Judge for a "Night time, Sealed Search Warrant" for (2) apartments being rented by Markate-Alsamadi Sowell, and (3) vehicles

2.

not registered in the name of Markale-Alsamadi Sowell.

6. On the date of September 30, 2019, Altoona Police Department, and it's Emergency Response unit, forced their way into the apartments rented by Markale-Alsamadi Sowell, and searched them as well as two vehicles in a parking lot, drugs were found in one apartment and Markale-Alsamadi Sowell and his than girlfriend Quenell Richardson were arrested.

7. On September 30, 2019, Markale-Alsamadi Sowell and Quenell Richardson were given Preliminary arraignments before Magistrate Judge Ben Jones, without having legal representation at this court hearing, the case was heard, bail set and they were taken to Blair County Prison.

8. On November 20, 2019, Markale-Alsamadi Sowell and Quenell Richardson were given a Preliminary hearing before Magistrate Judge Daniel De'Antonio. Officer Garrett Trent, testified under oath that he had in his possession at the Altoona Police Department evidence used

3

as probable cause to get the "Night time, Sealed Search Warrant" (A cell phone video recording of Markale-Alsamadi Sowell, conducting a hand to hand drug sale), and because of this testimony, the case was bounded over to the common Pleas court.

9. On September 10, 2020, Markale-Alsamadi Sowell was given a Suppression of evidence Motion hearing, before Common Pleas Judge Daniel Milliron, Officer Garrett Trent, would now claim that a witness Thomas Bowling destroyed the probable cause video by deleting it, after promising to bring it to him at the Altoona Police Department.

10. September 10, 2020, Motion to Suppression of evidence was denied by Judge Daniel Milliron, despite the District Attorney for the Commonwealth not being able to produce any probable cause evidence.

11. Markale-Alsamadi Sowell, was forced through duress to take a plea of "No Further Penalty" instead of stand trail with illegal evidence obtained used against him.

4

II. Issues Presented.

A. Whether Officer Garrett N. Trent violated Markale-Alsamad-Sowell United States Constitutional rights when he, detained and performed a criminal records background search on him without criminal activity afoot? having personal knowledge that he commited a crime? and being issued a search warrant by an issuance authority? Answer: Yes he did.

B. Whether Officer Garrett N. Trent Affidavit of Probable Cause was written from facts learned through his personal knowledge, independant police investigation? Answer: No.

C. Whether Officer Garrett N. Trent had any personal knowledge on September 29, 2019, or before that date of Markale-Alsamad-Sowell commiting a crime to give probable cause for the issuance of a "Night time, Sealed Search warrant? Answer: No he did not.

(D) Whether Officer Garrett N. Trent is the lawful authority to write, request and present to a common Pleas Judge to be issued a Night time, Sealed Search warrant? Answer: No.

5

E. Whether the Night time, Sealed Search Warrant not having a warrant control number, was not written, requested and presented to a Common Pleas Judge by a Commonwealth District Attorney, did not have the signature of approval and file number of the district Attorney, nor did the affidavit of probable cause state how the affiant had knowledge that contraband would be in the places listed to be search, makes it an incomplete instrument? Answer: yes.

F. Whether the court ordered "Night time, Sealed Search Warrant that did not have a docket entries performed on it by the Common Pleas Court, Clerk of Courts, is an illegal document prohibited from being used in a Court? Answer: Yes.

G. Whether officer Garrett N. Treat committed perjury by knowingly giving false testimony to the Court on November 20, 2019, in regards to having possession of said probable cause video recording? Answer: Yes he did.

6

H. Whether officer Garrett N. Trent actions against Markate-Alsamadi Sowell caused a Snowball effect that resulted in officer Garrett N. Trent and other named defendants violating the united states constitutional rights of Markate-Alsamadi Sowell? Answer: Yes.

I. Whether the unconstitutional actions of officer Garrett N. Trent and District Attorney Peter J. Weeks, robbed the common Pleas court of Blair county of Subject Matter jurisdiction? and does their actions make the conviction an unconstitutional conviction that needs to be vacated as a remedy and dismissed with prejudice? Answers: Yes.

II. Arguments.

A. The United States Constitution, fourth Amendment, and Article I§8 Search and Seizure clause of The Commonwealth State of Pennsylvania constitution makes it unlawful to perform a search and seizure without a Search warrant being issued by an issuing authority.

B. An Affidavit of Probable Cause is to be written based of the affiants personal knowledge of facts.

7

C. Officer Garrett N. Trent had no prior knowledge of Markale-Alsamad-Sowell committing a crime on the date of September 29, 2019, and wrote false statement on the face of the search warrant, that Markale-Alsamad-Sowell violated a drug statute.

D. Pennsylvania court rules of criminal Procedure, rule #211 states the authority to write, request and present to a Common Pleas Judge for a Night time, sealed search warrant issuance to be the commonwealth of Pennsylvania District Attorney.

E. The Night time, sealed search warrant does not have a warrant control number which can record it's birth date (trace, track its date of existance record), and lacks important information calling into question its authincity, makes it an incomplete instrument.

F. Pennsylvania court rules of criminal Procedure, Rule #114 states all court order documents must have a docket entries recorded by the Clerk of common Pleas Court, Rule #114(d) states any court order that does not, is prohibited from being used in a Court. Thus making said Night time, sealed search warrant an prohibited document from being used in a Court.

8.

G. Officer Garrett N. Trent was aware that Markafe-Alsamadi Sowell was never recorded doing a hand to hand drug transaction when he received a flash drive from officer David Dey on October 3, 2019 containing 16,311 photos and 1,642 videos taken from Thomas Bowling cell phone that he viewed, and yet he still testified on November 20, 2019, that he had this video recording at the Altoona Police Department in evidence.

H. Without officer Garrett N. Trent unconstitutional actions against Markafe-Alsamadi Sowell, the other defendants do not exist in this matter, they followed his lead and as a result violated the constitutional rights of Markafe-Alsamadi Sowell, they were fruits of the poisonous tree of Officer Garrett N. Trent.

I. There is no probable cause evidence for the Night time, Sealed Search warrant to stand on, nor does officer Garrett N. Trent state how he had knowledge that contraband would be in the places to be searched, the witness never saw Markafe-Alsamadi Sowell in possession of drugs, as testified by Garrett N. Trent, to support their unlawful actions would abridge the United States Constitutions, which states No search warrant shall be issued but upon probable cause, and officer Garrett N. Trent clearly had none.

9

12. The paragraphs set forth above are incorporated herein by reference thereto as if set forth at length.

<u>Summary of argument.</u>

Markale-Alsamad:Sowell is a living human being and not a Strawman, corporation or dead person, who body is his vessle and cargo is his life, he is a United States of America born natural citizen and protected by the rights, privilages and immunities of the United States of America constitution.

(A) United States constitution protects it's citizens from unreasonable search and seizures without probable cause and a search warrant issued.(see page 28 of preliminary hearing transcript.

(B) Affidavit of probable cause written by officer Garrett N. Trent is not based from facts but instead speculation and hearsay not supported by physical probable cause evidence.(see pages 1-6 of Affidavit of Probable cause report) see P.A.R.E. Rule #602.

(C) (see page 27, line 9-16) Officer Garrett N. Trent testimony at Suppression of evidence motion hearing.

(D) Reffer to Pennsylvania court rules of criminal Procedure, rule #211.

(F) Reffer to Pennsylvania court rules of criminal Procedure, rules #114-114(d)

(G) (see page 11-12, line 17-22) Preliminary hearing transcript 11-20-19, see pages 26,27,28,50,51, of transcript of Suppression of evidence motion hearing, non-existing video (Probable cause evidence).

(H) An unconstitutional law is void, and is as no law. an offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal or void, and cannot be a legal

10

cause of imprisonment." Ex-parte siebold, u.s. Page 376.
The defendants are co-defendants and each played a part in violating Markale-Alsamadi Sowell united states of America constitutional rights, and actions should be decided by A jury.

(I) Pennsylvania court rules of criminal Procedure, rule #211 makes clear the authority to apply to a common Pleas court Judge for a Night time, sealed Search warrant. The united States of America constitution 4th amendment, commonwealth State of Pennsylvania constitution Article 1§8 search and seizure clause, makes clear the protections and immunities a citizen has. Not only did District Attorney Peter J. weeks violate the U.S.C. but he also violated Pennsylvania rules of Professional conduct rules 3.8 and 8.4.
Markale Alsamadi Sowell was forced through duress of being incarcerated 3 years to take a plea of no further Penalty or get 30 years with unconstitutional obtained evidence used against him at trial by judicial officers that are not operating under the united States constitution, but under a private organization name "operation our Town" and they support each others unlawful actions, which is why District Attorney Peter Weeks did not recuse himself from the Criminal Case despite it being known he is a named defendant in this Civil complaint to the President Judge Elizabeth Doyle, A Co-Board committee member of Operation our Town and Blair county Prison with District Attorney Peter J. weeks.

11

Wherefore, Plaintiff, Markale-Alsamadi Sowell, respectfully ask of this honorable court to make a Default of Judgement against all defendants named in this civil complaint, and order them to compensate the Plaintiff in an amount decided by this court. Plaintiff respectfully ask of this court to make a order to see if defendants are willing to reach a settlement agreement with the Plaintiff, and if not, allow the case to proceed to trial and let it be decided by a jury. Plaintiff respectfully ask of this court to vacate the unconstitution conviction in this matter on the date of August 29, 2022, dismissing the charge of conspiracy to possession with intent of delivery with prejudice and restoring the united states constitution. Plaintiff respectfully ask of this court to take notice of this fact, without the unconstitutional actions of the Altoona Police Department, Patrolman officer Garrett N. Trent, Markale-Alsamadi Sowell does not get charged with a crime, does not get a Parole hold placed on him because of the pending charges, does not be held in Blair county Prison and does not get unconstitutionally convicted, and recieve a Parole violation because of the new conviction, had the charges been dismissed, Markale-Alsamadi Sowell would have been released immediately by Parole from prison.

Respectfully Presented,
Markale-Alsamadi Sowell
1200 Mokychic Drive
Collegeville, PA 19426.
UCC 1-308 Without Prejudice

12.

Certification of Service

I, Markale: AlSamad: Sowell, hereby certify that on the date of December 09, 2022, caused for copies of the within motion for Default of Judgement to be mailed to all represented parties through their counsel.

Thomas P McGinnis, Esquire
Karin M. Romano, Esquire
U.S. Steel Tower, 600 Grant St. STE #2600
Pittsburgh, PA 15219


Marie Millie Jones, Esquire
Gulf Tower, 707 Grant St. STE #3410
Pittsburgh, PA 15219


Suzanne B. Merrick, Esquire
U.S. Steel Tower, 600 Grant St. STE #2600
Pittsburgh, PA 15219


Mary Lou Maierhofer, Esquire
P.O. Box 628
Hollidaysburg, PA 16648


Markale Sowell #KH-2090
SCI-Phoenix, 1200 Mokychic Drive
Collegeville, PA 19426.

Respectfully
Markale-Alsamad: Sowell
UCC 1-309 Without Prejudice